Curia, per

Butler, J.
The evidence in this case was entirely satisfactory, that Sanders had never given Egger express authority to subject him to liability by an obligation under seal, and without such authority, either expressly given, or inferable from their course of dealing, Sanders could not be made liable on such a paper. Whether the paper in question* could be regarded as the joint obligation of Egger & McAlilly, upon which one might be liable, the other being out of the State, is a question upon which I give no opinion. The case, as it now stands, is a joint action against Sanders & McAlilly. It is alleged that they made the note, when in fact, and in law, they did not. The position taken is, that in a joint action on a paper purporting to have been made jointly, a recovery may be had against one, as upon a several obligation. This is opposed to general authority, and express adjudications of the State. See Ives vs. Picket, (2 McC. 271;) Lockhart vs. Bell, (2 Hill, 422.)
Motion to reverse Circuit decision dismissed.
The whole Court concurred.